UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYLAN ORR,

    Plaintiff,

v.

Case No. 19-13065
District Judge Victoria A. Roberts
Magistrate Judge Patricia T. Morris

J. RANCK ELECTRIC, INC., et al.,

    Defendants.

_____/

**ORDER GRANTING MOTIONS TO DISMISS FILED BY AMERICAN LINE BUILDERS JOINT APPRENTICESHIP AND TRAINING COMMITTEE [ECF NO. 29] AND INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 876 [ECF NO. 31]**

**I.    INTRODUCTION**

On October 20, 2016, Dylan Orr struck his head and suffered an electric shock, sustaining permanent injuries, while working as a lineman apprentice for defendant J. Ranck Electric, Inc. ("JRE") at Alpena Air Base in Alpena, Michigan. (Compl. ¶ 56, 63, 83). Orr trained for this position through the electrical lineman apprenticeship training program known as The American Line Builders Joint Apprenticeship & Training ("ALBAT"). (Compl. ¶ 15). ALBAT is administered by defendant the ALBAT Committee

1

("Committee"). The Committee is a joint labor management committee that oversees administration of the ALBAT program.

The Committee and Local 876 move to dismiss under Fed. R. Civ. P. 12(b)(6). Defendants say Orr fails to state claims upon which relief can be granted and that his claims are preempted under either the Employee Retirement Income Security Act ("ERISA") or Section 301 of the Labor Management Relations Act ("LMRA").

JRE filed a Concurrence and Joinder. JRE argues the claim against it is preempted by ERISA.

The Court **GRANTS both motions.**

## II. BACKGROUND

On February 29, 2016, Orr applied to the ALBAT program. (Compl. ¶ 15). Defendant IBEW Local 876 is the local branch of IBEW Sixth District. (Compl. ¶ 6). Orr was a member. (*Id.* ¶ 6).

The "Outside Apprenticeship and Training Standards for the American Line Builders Areawide Joint Apprenticeship Training Committee" ("Standards") relate to the apprenticeship training of electrical linemen. (*Id.* ¶ 26). They address the Committee's obligations, including that "all governing responsibility for the apprenticeship program rests with ALBAT, among other responsibilities." (*Id.* ¶ 28-35). ALBAT's "General Policy

Statement and Apprentice Rules and Regulations for Linemen" ("ALBAT Rules") demonstrates that the Committee is responsible for the placement and transfer of all apprentices in its program. (*Id.* ¶ 36).

The Committee accepted Orr into the ALBAT training program on September 16, 2016 and assigned him to work at JRE. (*Id.* ¶ 24). On October 20, 2016, JRE employee Matt Hauff instructed Orr to work on an energized switchgear. (*Id.* ¶ 56-62). While working, Orr's head contacted the switchgear frame and he sustained an electric shock. (*Id.* ¶ 64). Orr alleges he has permanent blindness in his left eye, severe impairment of his right eye function, severe burns and scarring of his face, among other injuries. (*Id.* ¶ 83).

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows for dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Fed. R. Civ. P. 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to establish a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. Materials that may be considered in a 12(b)(6) motion consist of (1) the complaint, (2) any exhibits attached to it, (3) public records, and (4) any items in the record or exhibits attached to defendant's motion if they are referenced in plaintiff's complaint and central to plaintiff's claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

Orr alleges three claims against Local 876 and the Committee: count III (negligent supervision/retention); count IV (breach of fiduciary duty); and count V (breach of contract). The contract described in the complaint is the apprenticeship agreement ("Agreement") which Local 876 is not a party to and not the Collective Bargaining Agreement ("CBA") between Orr and Local 876.

Orr alleges count I (negligence) against JRE.

### A. Motion to Dismiss by Local 876

Local 876 claims that any duty it owed to Orr would have arisen only under the CBA, and that it is not a party to the Agreement. It also contends that because interpretation of the CBA would underlie any finding of liability against it, Orr's claims are preempted by Section 301 of the Labor

Management Relations Act. In essence, Local 876 says Orr did not allege plausible state law claims for negligent supervision/retention, breach of fiduciary duty, and breach of contract.

### 1. Orr's Claims against Local 876 are Preempted by Section 301 of the Labor Management Relations Act

All of Orr's claims against Local 876 are premised on the Agreement; Local 876 was not a party to it. Local 876 says even if the CBA was at issue, the state law claims Orr brings are preempted by Section 301 of the Labor Management Relations Act ("LMRA").

Orr does ask to amend the complaint to plead the CBA and to allege that Local 876 assumed a duty under the CBA to ensure Orr was supervised during his training. But, Orr cannot amend his complaint in an opposition brief or ask the court to consider allegations or evidence not contained in the complaint. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). Accordingly, the CBA cannot be considered because it was not referenced in the complaint or attached to the complaint as an exhibit. *Bassett*, 528 F.3d at 430. Orr's request to amend his complaint is improper.

More importantly, amendment would be futile due to preemption. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000)

(amendment is futile if it would not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss).

Orr does not address LMRA preemption. "When a party fails to respond to an argument, it is generally deemed to be unopposed and conceded." *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

Counts III, IV, and V against Local 876 are dismissed.

### 2. Orr's Claims Against Local 876 Fail to Allege Facts Sufficient to Survive a Motion to Dismiss

#### a. Count III Does Not Sufficiently Plead a Claim of Negligent Retention/Supervision Against Local 876

Even if Orr's claim of negligent supervision was not preempted, he fails to sufficiently plead the claim.

To properly allege a negligent supervision/retention claim, a plaintiff must demonstrate a duty, a breach of duty, causation, and damages. *Prime Rate Premium Fin Corp. v. Larson*, 226 F.Supp.3d 858, 870 (E.D. Mich. 2016). Additionally, the first two elements are based on the duty of care imposed on an employer in the hiring and supervision of employees. *Id.*

6

Since this cause of action hinges on the hiring or supervision of an employee, and Orr does not allege that Local 876 hired him or the JRE employees involved, this claim fails.

Count III against Local 876 is dismissed.

### b. Count IV Does Not Sufficiently Plead a Claim of Breach of Fiduciary Duty Against Local 876

Orr alleges that Local 876 owed him a fiduciary duty based on the Standards and the ALBAT Rules. (Compl. ¶ 108-109). Local 876 contends that Orr fails to allege facts to establish that Local 876 was responsible for safety.

"Under Michigan law, 'a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another.'" *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 765–66 (6th Cir. 2012).

Orr fails to allege that he relied upon Local 876's judgment and advice; he only alleges reliance upon the Committee. (Compl. ¶ 112). Orr fails to state a claim of breach of fiduciary duty against Local 876.

### c. Count V Only Alleges Breach of the Apprenticeship Agreement, to which Local 876 was not a Party

Local 876 argues that Orr fails to allege it is a party to the Agreement which is the contract at issue in Count V. Orr only argues in response that "while Local 876 may not have been a party to the apprenticeship agreement discussed," Local 876 was a party to the CBA. (Doc # 56-1, Pg ID 1267).

To state a breach of contract claim under Michigan law, the plaintiff must first establish the existence of a valid contract. *Eastland Partners Ltd. Partners v. Vill. Green Mgmt. Co.* (In re Brown), 342 F.3d 620, 628 (6th Cir. 2003). Orr does not put in issue a valid contract between him and Local 876.

Count V is dismissed against Local 876.

### B. Motion to Dismiss by the ALBAT Committee

Orr alleges three claims against the Committee: count III (negligent supervision/retention), count IV (breach of fiduciary duty), and count V (breach of contract).

#### 1. ERISA Preemption Generally

##### a. Count V Breach of Contract is Preempted

The Committee argues ERISA preemption, which preempts "any and all state laws insofar as they may now or hereafter **relate to** any employee benefit plan." 29 U.S.C. § 1144(a) (Emphasis applied).

ERISA defines an "employee benefit plan" as:

8

> any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) … apprenticeship or other training programs…

29 U.S.C. § 1002(1).

"A law 'relates to' an employee benefit plan… if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 96-97 (1983). Relatedly, any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear intent to make the ERISA remedy the exclusive remedy and is therefore preempted. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Orr's claims are all preempted by ERISA. He puts at issue the ALBAT Standards pertaining to training and the ALBAT Rules. He alleges the Committee breached obligations owed to him under these documents. These documents are part of an employee benefit plan. If the Committee owed a duty to Orr, that duty was created only under and by plan documents; it had no duty to Orr except the duty arising from plan documents.

A state law cause of action is completely preempted "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila,* 542 U.S. at 210. To assess the extent of that duty a factfinder would necessarily be required to examine and interpret Orr's ERISA plan. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1402 (6th Cir. 1995).

Furthermore, Orr seeks damages because he says the Committee did not fulfill its obligations under the Agreement. However, damages are not available to Orr. When plan participants seek damages, courts hold that this remedy does not exist. *Crosby v. Bowater, Inc.,* 382 F.3d 587, 589 (6th Cir. 2004). The reason for this is straightforward. For ERISA plans to flourish, damages cannot be paid from the assets of plan participants.

Additionally, the Sixth Circuit stated that what triggers ERISA's application to state laws is not the existence of an apprenticeship training program but the existence of a separate fund to support the training program. *Associated Builders & Contractors v. Michigan Dep't of Labor & Econ. Growth*, 543 F.3d 275, 282 (6th Cir. 2008). The ALBAT Standards state that "all funds for the operation of the apprenticeship and training program shall be held in a Trust Fund established by the signatory IBEW Local Unions and the NECA Chapter." (Doc. 1-4, Pg ID 51). "Apprenticeship programs paid for out of trust funds are ERISA plans". *California Div. of Labor Standards Enf't*

*v. Dillingham Const., N.A., Inc.,* 519 U.S. 316, 327 (1997). So, the ALBAT program is an ERISA plan.

While Orr is correct that state law claims "too tenuous, remote, or peripheral" do not "relate to" a pension or benefit plan and are not preempted, (*Lee v. Sheet Metal Workers' Nat. Pension Fund*, 697 F.Supp.2d 781, 785 (E.D. Mich. 2010)), in deciding whether a state law claim is too remote to be preempted, the Sixth Circuit focuses on whether the remedy sought by a plaintiff is "primarily plan related." *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 862 (6th Cir. 2007). Where the resolution of a state law claim "requires evaluation of the plan and the parties' performance pursuant to it, the claim is preempted. *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 557 (6th Cir. 2012).

Orr also relies on *Associated Builders,* 543 F.3d 275, to support his arguments that his claims are not preempted. However, that case dealt only with two provisions in a state statute that are not at issue. That case also pertained to the dissolution of an injunction issued against the State of Michigan.

Finally, the statute at issue in *Associated Builders* and here as well, the Michigan Electrical Administrative Act, does not allow private causes of action over workplace safety. MCL 338.333.

For these reasons, Orr fails to state a claim for breach of contract.

### b.  Count IV Breach of Fiduciary Duty is Preempted

The Committee argues that Orr's breach of fiduciary duty claim is preempted because it relies upon interpretation of documents governing the program, and because ERISA provides a specific remedy for breach of fiduciary duty claims concerning an ERISA plan.

The Committee contends this state law cause of action is an attempt to circumvent ERISA remedy provisions and to supplement and/or supplant ERISA's enforcement scheme in contravention of *Davila* and *Girl Scouts*. *Davila*, 542 U.S. at 209; *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.,* 770 F.3d 414, 425-26 (6th Cir. 2014). The Committee is correct.

A person is a fiduciary "to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets…or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). This is a far-ranging obligation to act prudently and to act in accordance with plan documents. It is not an obligation confined to financial fiduciary duties, as Orr argues. Any state law fiduciary duty the Committee

12

owes Orr is subsumed by ERISA. All fiduciary duty claims Orr has stem from and rely upon the interpretation and application of written documents governing the ALBAT program. *See Cataldo,* 676 F.3d at 545.

Orr's breach of fiduciary duty claim is preempted by ERISA.

### c. Count III Negligent Supervision/Retention is Preempted

The Committee argues that Orr's negligent supervision/retention claim is preempted because he claims a denial of benefits under an ERISA plan and the Committee does not owe a duty to Orr independent of the plan. Orr argues that this claim is not preempted because had the Committee followed the Standards and ALBAT Rules, he would not have been injured.

Orr is correct that the Committee had a duty to create a safe training protocol. He says it breached that duty. But, these claims are not remote from the ERISA plan. Orr was owed these duties only because he participated as an apprentice in the ALBAT program. Orr states his claim as a negligence one, but it arises from benefits he says he was due and the Committee's failure to properly train and provide safety protocols.

These duties stem from obligations under the ERISA plan. Determining what duties the Committee owed to Orr requires interpretation of the plan

13

terms and documents. This claim is preempted. *See Cataldo,* 676 F.3d at 557.

### 2. Even if Orr's Negligent Supervision/Retention claim is not Preempted He Fails to State a Claim under Michigan Law

ALBAT also argues that Orr's claim for negligent supervision/retention fails under Michigan law because ALBAT did not hire, retain, or supervise the employees of participating employers who train apprentices. Orr states that while this claim "may not be accurately titled," he does allege that the Committee owed a duty of care, breached that duty, Orr suffered damages, and the Committee's breach is the proximate cause of his damages.

Similar to the reasoning above pertaining to Local 876, Orr does not allege that the Committee employed him or any of the JRE employees involved in the accident, nor does he allege that the Committee hired or supervised him and others. Orr fails to state a state law claim for negligent supervision/retention against the Committee.

### 3. Orr's Claims not Pled with Specificity

Finally, the Committee argues that Fed. R. Civ. P. 8(a) requires Orr to allege with particularity what each defendant did or failed to do. As one court explained, "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief

14

because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), (quoting *Tatone v. SunTrust Mortg., Inc.,* 857 F. Supp. 2d 821, 831 (D. Minn. 2012).

Orr does not abide by the requirements of Fed. R. Civ. P. 8(a)(2) in his complaint, another reason for the Court to dismiss his claims.

### C. Defendant JRE's Concurrence and Joinder

JRE filed a Concurrence and Joinder. JRE argues ERISA preempts the negligence claim Orr brought against it.

Orr's claim against JRE is also preempted. Orr was accepted into and participated in the ALBAT apprenticeship training program and was assigned to work for JRE. (Compl. ¶ 24). According to the Standards, JRE as the employer was required to "comply with all provisions of the apprenticeship program" and was responsible for providing a "safe and healthful workplace" including "work assignments the apprentice can safely perform." (Doc. # 1-4, Pg ID 54). Orr's claim against JRE is preempted by ERISA.

Count I against JRE is dismissed.

### V. CONCLUSION

All of Orr's claims against Local 876 and the Committee are preempted. Even if they were not, Orr otherwise fails to state claims. Orr's claim against JRE is preempted.

The Court **GRANTS:** (1) Local 876's Motion to Dismiss; (2) the Committee's Motion to Dismiss; and (3) JRE's Concurrence and Joinder. This case is dismissed With Prejudice.

**ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 7/28/2020